UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

| | |
|---|---|
| MYUNG-HEE MULLER,<br><br>　　　　Plaintiff,<br><br>　vs.<br><br>CITY OF TACOMA, a municipal corporation; LISA RICHARDSON and DOES 1-10, inclusive,<br><br>　　　　Defendants. | NO.  14-cv-05743-RJB<br><br>ORDER ON DEFENDANTS' MOTION TO COMPEL DISCOVERY RESPONSES AND FOR EXAMINATION OF PLAINTIFF PURSUANT TO FRCP 35 |

THIS MATTER comes before the Court on Defendants' motion (1) to compel discovery concerning economic damages and (2) for an independent examination of Plaintiff. Dkt. 18. The Court has considered the motion, Plaintiff's responses (Dkt. 20, 21), Defendants' reply (Dkt. 24), and the remainder of the file therein.

I.　　Background

Plaintiff, a Senior Accountant with the City of Tacoma from 2007 to 2013, asserts claims for wrongful termination, gender discrimination, racial discrimination, retaliation, violations of privacy and due process, false light, and negligent retention and supervision.

ORDER - 1

Dkt. 1. Plaintiff seeks damages for loss of wages, damage to reputation and character, and emotional distress. Dkt. 9, at 5.

II. Motion to Compel Discovery ("Discovery Motion")

Defendants argue that, although Plaintiff provided Defendants with tax returns in response to Defendants' request for production, Defendants are entitled to more discovery concerning Plaintiff's alleged economic damages. Dkt. 18, at 9-11. *See* Request For Production #15. Dkt. 19, at 6-10. Furthermore, Defendants contend, Plaintiffs have not sufficiently responded to their request interrogatory concerning economic damages, which includes a request for a precise computation of damages. Dkt. 18, at 9-11. *See* Plaintiff's Response to Interrogatory #21, Dkt. 19, at 6-10.

Plaintiff opines that, in the first instance, Defendants have not observed their meet and confer obligations precedent to filing the Discovery Motion. Dkt. 21, at 2. *C.f.* Dkt. 19, at 3, 4. Plaintiff also argues that Defendants have not demonstrated how the tax returns provided were unresponsive or insufficient to the request for production, and that the interrogatory regarding economic damages is objectionable because it is vague and imprecise. *Id*.

Under Fed. R. Civ. P. 26(a)(1)(A)(iii), initial disclosures must include:

> a *computation* of each category of damages claimed by the disclosing party—who must also make available for inspection and copying as under Rule 34 the documents or other evidentiary material . . . on which each computation is based, including materials bearing on the nature and extent of injuries suffered. Fed. R. Civ. P. 26(a)(1)(A)(iii) (emphasis added).

In this case, under the facts presented, Plaintiff's discovery efforts thus far are inadequate. First, given that Plaintiff has only provided tax returns in response to Defendants' request for production concerning economic damages, Plaintiff's response is insufficient. Although the Court has not reviewed the tax returns Plaintiff provided as discovery, they presumably lack financial information germane to calculating any other damages other than loss of wages. Tellingly, Plaintiff does not argue that the tax returns are relevant to calculating

ORDER - 2

damages of Plaintiff's reputation and character or emotional distress, two categories of damages Plaintiff specifically designated in the initial disclosure. *See* Dkt. 21.

Second, concerning the interrogatories, Plaintiff's response to date is insufficient. Interrogatory No. 21 specifically requested an amount of damages (Dkt. 19, at 6-10), and under Fed. R. Civ. P. 26(a)(1)(A)(iii) Defendants are entitled to a "computation" of damages, which is a numerical response. Listing categories of damages is insufficient. *See* Fed. R. Civ. P. 26(a)(1)(A)(iii). While Plaintiff opines that Defendants' interrogatory is vague, it is Plaintiff, not Defendants, who submitted the damages categories, so Plaintiff is obliged to offer their computation. Furthermore, whether or not counsel for Plaintiff and Defendants had a formal meet and confer under Fed. R. Civ. P. 37(a) is immaterial to Plaintiff's good faith obligation to respond to what is, in this Court's view, a reasonable discovery request. In fact, in the spirit of Fed. R. Civ. P. 37(a), Defendants went beyond their initial discovery requests and corresponded with Plaintiff. *See* Dkt. 19, at 24, 25. In summary, Defendants' Discovery Motion should be granted. Plaintiff should provide an exact computation for each category of economic damages previously disclosed, as well as documentation relevant to their computation.

III.     Motion to Examine Plaintiff ("Rule 35 Motion")

Defendants request that the Court order Plaintiff to submit to Defendants' independent examination by Dr. Elizabeth Ziegler pursuant to Fed. R. Civ. P. 35(a). Plaintiff has placed her mental state in controversy, Defendants contend, because Plaintiff alleges: that Defendants' actions caused her psychological harm; that Plaintiff had never needed psychological treatment previously; that Plaintiff still suffers from anxiety attacks; that Plaintiff still shows physical symptoms of her psychological condition, including stomach and digestive problems. Dkt. 18, at 6, 7. Furthermore, according to Defendants, there is "good cause" for an independent examination, because Plaintiff has alleged an ongoing mental

ORDER - 3

injury and the examination is needed for Defendants to have a fair opportunity to defend against Plaintiff's claims.

Plaintiff takes issue with Defendants' Rule 35 Motion firstly on the basis that Plaintiff cannot make the requisite "good cause" showing, because Plaintiff's emotional distress is of the "garden variety" type. Dkt. 20, at 2, 3. According to Plaintiff, Defendants' Rule 35 Motion and the proposed order fail for vagueness, because they do not specify the 'time, place, and manner,' and the request as proposed would give Defendants *carte blanche* for invasive testing and examination. *Id*.

Defendants' reply briefing addresses Plaintiff's time, place, and manner argument by submission of a revised draft order, which proposes an examination of Plaintiff by Dr. Ziegler on July 2, 2015 at 9:00am at the 42nd floor of Two Union Square in Seattle, Washington. Dkt. 24, at 4.

Under Fed. R. Civ. P. 35(a), when a party's mental or physical is in controversy, courts may order the party's examination by a suitably licensed or certified examiner. Fed. R. Civ. P. 35(a). Courts ordering a party's examination must find good cause and specify the time, place, manner, conditions, and scope of the examination, as well as the person who will perform it. *Id*. Because of the intrusive nature of examinations, they are not granted as a matter of right, but rather as a matter of discretion. *See id*. *E.g., Coca-Cola Bottling Co. v. Negron Torres*, 255 F.2d 149 (1st Cir. 1958). Courts must make fact-specific inquiries, and no one factor is dispositive, even in cases with allegations of emotional or psychiatric harm. *C.f. Duncan v. Upjohn Co.*, 155 F.R.D. 23 (D.Conn. 1994) (plaintiff in negligence suit put mental condition in controversy by claiming ongoing psychiatric harm); *Bridges v. Eastman Kodak Co.*, 850 F.Supp. 216 (S.D.N.Y. 1994) (plaintiff's mental health not in controversy where plaintiff did not allege mental distress as a separate tort claim).

In this case, Plaintiff's mental, physical, and emotional health is in controversy and there is good cause for Defendants' independent examination. Plaintiff alleges damages from

emotional distress from psychological and physical problems that, according to Plaintiff, continue to this day. Dkt. 19, at 10. Plaintiff also represents that she never had psychological treatment prior to "being under siege" by City of Tacoma employees. *Id*. She has visited both a general medicine practitioner, Dr. Wilson, and a psychologist, Dr. Teachout. *Id*. On these facts, an independent examination by Defendants is warranted.

Based on the parties' correspondence, it appears that Plaintiff at least preliminarily agreed to an examination by Dr. Elizabeth Ziegler, neuropsychologist, but that Plaintiff took issue with Defendants' lack of specificity as to which psychological tests Dr. Ziegler would employ and to the "necessity" of any examination in the first place. Dkt. 19, at 12-14. While certainly subjecting Plaintiff to non-standardized, lengthy tests is possible, it is plain to this Court that that is not Dr. Ziegler's intent. *Id*., at 16. Dr. Ziegler should be accorded the professional courtesy to conduct a complete examination, which means she is given latitude to employ standard tests that she deems helpful to her independent evaluation. To rule otherwise would undermine Dr. Ziegler's ability to do her job and Defendants' opportunity to gather evidence in preparation for trial. Moreover, Dr. Ziegler's examination will be time-limited, *see supra*, so her opportunity to conduct tests is not unlimited. Defendants' Rule 35 Motion for an independent examination of Plaintiff should be granted.

\* \* \*

ACCORDINGLY, Defendants' motion (Dkt. 18) is **GRANTED**. It is hereby **ORDERED** that:

1. Plaintiff must provide numerical calculations for and documents relevant to each category of economic damages Plaintiff previously disclosed within 10 days of the issuance of this Order;

2. Defendants may conduct an independent examination of Plaintiff with Dr. Elizabeth Ziegler on July 2, 2015 at 9:00am, 42nd Floor of Two Union Square in Seattle, Washington. If Plaintiff is not available on that date, Plaintiff must make alternate arrangements agreeable to Defendants.

ORDER - 5

3. Any psychological testing conducted by Dr. Ziegler of Plaintiff shall be limited to standard psychological tests that Defendants reasonably anticipate could be admissible under *Frye*.

The Clerk is directed to send uncertified copies of this Order to all counsel of record and to any party appearing *pro se* at said party's last known address.

Dated this 18th day of June, 2015.

*Robert J. Bryan*
ROBERT J. BRYAN
United States District Judge

ORDER - 6